THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**SAVANNAH NICOLE TRIPLETT**                                                          **PLAINTIFF**

**v.**                                                                      **CIVIL CASE NO. 1:20-CV-243-RP**

**COMMISSIONER OF SOCIAL SECURITY**                                   **DEFENDANT**

## OPINION AND JUDGMENT

Savannah Nicole Triplett seeks judicial review pursuant to 42 U.S.C. § 405(g) of an unfavorable decision of the Commissioner of Social Security regarding an application for supplemental security income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The undersigned held a hearing on October 27, 2021. Having considered the record, the administrative transcript, the briefs of the parties, the oral arguments of counsel and the applicable law, the undersigned finds the Commissioner's decision is supported by substantial evidence and should be affirmed.

## Standard of Review

In determining disability, the Commissioner, through the Administrative Law Judge ("ALJ"), works through a five-step sequential evaluation process.[1] The burden rests upon plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff is successful in sustaining her burden at each of the first four levels, then the burden shifts to the Commissioner at step five.[2] First, plaintiff must prove she is not currently engaged in

---

[1] *See* 20 C.F.R. §§ 404.1520, 416.920 (2010).

[2] *Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

1

substantial gainful activity.[3] Second, plaintiff must prove her impairment is "severe" in that it "significantly limits [her] physical or mental ability to do basic work activities . . . ."[4] At step three the ALJ must conclude plaintiff is disabled if she proves that her impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[5] If plaintiff does not meet this burden, at step four she must prove that she is incapable of meeting the physical and mental demands of her past relevant work.[6] At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that she is capable of performing other work.[7] If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that she cannot, in fact, perform that work.[8]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Crowley v. Apfel,* 197 F.3d 194, 196 (5th Cir. 1999), citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). The court has the responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial

---

[3] 20 C.F.R. §§ 404.1520(b), 416.920(b) (2010).

[4] 20 C.F.R. §§ 404.1520(c), 416.920(c) (2010).

[5] 20 C.F.R. §§ 404.1520(d), 416.920(d) (2010). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 416.925 (2003).

[6] 20 C.F.R. §§ 404.1520(e), 416.920(e) (2010).

[7] 20 C.F.R §§ 404.1520(g), 416.920(g) (2010).

[8] *Muse*, 925 F.2d at 789.

evidence and whether the proper legal standards were applied in reviewing the claim. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[9] even if it finds that the evidence leans against the Commissioner's decision.[10] The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

## **Commissioner's Decision**

At step one of the sequential analysis, the ALJ found that the plaintiff has not engaged in substantial gainful activity since the alleged onset date. At step two, he found that the plaintiff has the severe impairments of asthma, mild intellectual disability, schizophrenia, depression, generalized anxiety disorder, right ear deafness, and left ventricular non-compaction

---

[9] *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

[10] *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

cardiomyopathy. At step three, he found that none of these impairments or combination of these impairments meets or medically equals a listed impairment. The ALJ then found the plaintiff has the residual functioning capacity ("RFC") to perform light work except:

> she can lift, carry, push, and pull twenty pounds occasionally and ten pounds frequently; sit, stand, and walk for six hours; and climb ramps, stairs, ladders, ropes, or scaffolds occasionally. The claimant can never operate a motor vehicle. She can understand, remember, and carryout simple, routine and repetitive tasks; never work with the general public; make simple work-related decisions regarding changes in work settings; and is able to interact with supervisors and coworkers on an occasional basis. She should work with objects not people.

At step four, the ALJ found that the plaintiff has no past relevant work. Finally, at step five, the ALJ found that considering the plaintiff's age, education, work experience, and RFC, jobs exist in significant numbers in the national economy that the plaintiff can perform, such as the jobs of cleaner, bottle line attendant, and marker. As such, the ALJ concluded that the plaintiff is not disabled.

## Discussion

The plaintiff makes several arguments of error on appeal. First, the plaintiff argues the ALJ erroneously evaluated the mental consultative examination of Dr. Philip Drumheller, whose opinion the ALJ found to be persuasive. The plaintiff points out that among Dr. Drumheller's findings is a finding that the plaintiff's concentration and attention are believed to be poor, a finding which the plaintiff argues supports an inability to sustain attention and concentration for two-hour periods. If included in the RFC, the plaintiff argues, such a limitation would eliminate all work and result in a finding of disabled. However, when finding a medical opinion to be persuasive, the ALJ is not required to incorporate into the RFC all of the opinion's assessed

4

limitations. *Moore v. Commissioner of Social Security,* No. 3:20-CV-241-SA-DAS, 2021 WL 2834395, at *2 (N.D. Miss. July 7, 2021) (stating "the fact that the ALJ found the opinion persuasive does not obligate the ALJ to incorporate every limitation suggested by the report"); *Ephraim v. Saul,* No. 1:20cv00633, 2021 WL 327755, at *13 (N.D. Ohio Jan. 8, 2021) (stating that although ALJ deemed physician's opinion persuasive, ALJ "was not required to include every element of all of [physician's] proposed limitations in the RFC or explain why he did not adopt all of the proposed limitations"). Further, the ALJ is not required to articulate how he considered every opinion within a medical source's report. 20 C.F.R. § 404.1520c(b)(1) ("We are not required to articulate how we considered each medical opinion … from one medical source individually.").

In the present case, in connection with his evaluation of the "paragraph B" criteria in his step three analysis, the ALJ articulated how he considered Dr. Drumheller's opinion with respect to the plaintiff's concentration and attention. Finding that the plaintiff has only a moderate limitation in concentrating, persisting or maintaining pace, the ALJ stated, "Dr. Drumheller noted the claimant's ability to attend and concentrate were 'believed to be poor' (B7F/5); however, the claimant was able to complete intelligence and achievement testing without mention of significant limitation in her ability to maintain concentration, persistence, and pace." The ALJ also cited other record evidence which he believed supports his finding of a moderate limitation. The ALJ was not required to adopt all of Dr. Drumheller's opinions despite finding his report to be persuasive, and the ALJ explained why he believed the plaintiff's ability to concentrate is less limited than Dr. Drumheller believed it to be. There is no error here.

Next, the plaintiff argues the ALJ erroneously found the plaintiff has a limited education. However, despite there being evidence suggesting the plaintiff completed high school, in his

5

hypotheticals to the VE and in his step five analysis the ALJ gave the plaintiff the benefit of the doubt and used a limited education, which a 7th grade through 11th grade level of formal education is generally considered under the regulations. 20 C.F.R. § 416.964(b)(3). There is no error here.

Finally, the plaintiff argues that the ALJ erroneously evaluated the findings of the state agency consultants, who found the plaintiff is capable of understanding, remembering, and carrying out simple, routine, repetitive tasks for two-hour blocks of time. The ALJ found this assessment to be persuasive, a finding the plaintiff argues is erroneous because the state agency consultants did not have all of the plaintiff's medical records, specifically the records of the plaintiff's visits to Region 7 Community Counseling during the year leading up to the administrative hearing. The plaintiff contends these records support a greater limitation with respect to her attention and concentration. However, a state agency consultant's lack of opportunity to review all treatment records does not prevent an ALJ from relying on the consultant's assessment if the ALJ conducts an independent review of all the evidence, including the records the consultant did not consider. *Carter v. Astrue,* 886 F.Supp.2d 1093, 1111-12 (N.D. Iowa 2012); *Boothe v. Colvin,* No. 3:12-CV-5127-D, 2013 WL 3809689, at *4 (N.D. Tex. July 23, 2013).

In the present case, the ALJ reviewed and discussed the subject counseling records. The plaintiff's argument that those records support greater mental limitations than those found by the state agency consultants and those assessed by the ALJ amounts to a request that this court reweigh the evidence in her favor, which the court may not do. The court finds no error here.

For these reasons and for those announced on the record at the conclusion of oral argument, the court finds the Commissioner's decision is supported by substantial evidence, and it is AFFIRMED.

6

**SO ORDERED**, this the 27th day of October, 2021.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE